UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXPRESS LIEN, INC.<br>dba ZLIEN | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| VERSUS | * | JUDGE: |
| EXPRESSLIENS USA, INC., | * | |
| NICKOLAS B. SANTOS | * | MAGISTRATE: |
| AND | * | |
| ABC INSURANCE COMPANY | * | JURY TRIAL DEMANDED |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Express Lien, Inc., d/b/a *zlien* ("*zlien*" and/or "Plaintiff"), who respectfully submits to this Honorable Court this Complaint, alleging as follows:

## NATURE OF THE ACTION

1.

This is a civil action arising under the laws of the United States, specifically under 17 U.S.C. §501 for copyright infringement, under 15 U.S.C. §1125(a) for trade dress infringement and unfair competition, 15 U.S.C. §1125(d) for cybersquatting, 15 U.S.C. §1114 for federal trademark infringement, and under Louisiana law, specifically the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA"), La. R.S. 51:1401, et seq., Louisiana Civil Code Article 1953, Louisiana Civil Code Article 1995, and Louisiana Civil Code Article 2007.

**PARTIES**

2.

Plaintiff is a Delaware corporation, with its principal place of business at 1121 Josephine St., New Orleans, LA 70130.

3.

Defendant, Expressliens USA, Inc. ("Expressliens USA") is, upon information and belief, a for-profit corporation organized under the laws of the State of Florida, with its principal place of business in Florida.

4.

Defendant, Nickolas B. Santos ("Santos") is, upon information and belief, an individual residing and domiciled at 1130 South Powerline Rd., Deerfield Beach, FL 33442.

5.

Upon information and belief, ABC Insurance Company, the identity of which is unknown at this time, had a policy of liability insurance in place at all relevant times, covering Expressliens USA for the allegations contained in this Complaint. Plaintiff will seek leave of court to amend this Complaint to state Defendant ABC Insurance Company's full proper name when it is ascertained.

**JURISDICTION AND VENUE**

6.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (actions arising under the laws of the United States), 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C. §1338(a) (acts of Congress related to copyrights and trademarks), 28 U.S.C. §1338(b) (civil actions asserting a claim of unfair competition), and 28 U.S.C. §1332 (civil actions with

complete diversity of the parties in which the amount of controversy, exclusive of interest and costs, exceeds $75,000).

7.

This Court has personal jurisdiction over Expressliens USA and Santos. Upon information and belief, Expressliens USA and Santos have conducted acts of infringement and unfair competition both within and outside this District causing injury in this District. Expressliens USA solicits, transacts, and is doing business within the State of Louisiana and this District in particular.

8.

Venue is proper in this District pursuant to 28 U.S.C. §1391. Upon information and belief, Expressliens USA and Santos are subject to personal jurisdiction in this District, as the acts complained of herein take place within this District through Expressliens USA's website.

**FACTS**

9.

Plaintiff, *zlien*, is an accounts receivable and construction payment software platform for parties in the construction vertical, through which those parties can exert and maintain control over their security rights related to construction projects by using automated processes. As part of its offering, and through its software, *zlien* sells "self-help" construction notices and lien forms, provides assistance in having those forms delivered or filed, and provides informational resources and tools to parties in the construction industry. The business is transacted through a website.

10.

A website is a specific location on the World Wide Web identified by a unique address known as a Universal Resource Locator ("URL"). Plaintiff distributes content and transacts

business through the website found at url "zlien.com". In addition, Plaintiff owns the domain name "expresslien.com" which redirects the user to zlien.com.

11.

To further Plaintiff's business goals, and to provide Plaintiff's customers with information, Plaintiff provides state-by-state informational resources through its website.

12.

The state-by-state informational resources include the answers to several Frequently Asked Questions ("FAQs") for each state or other general information applicable to that particular state segregated between private projects and public projects, a chart (the "chart") showing the notice and lien requirements and deadlines segregated by project role ("Prime Contractor", "Sub/Laborer", and "Supplier/Other"), compilations of selected text from each state's statutes concerning mechanics lien and bond claim law, and other information.

13.

Plaintiff spends substantial amounts of time, money, and effort creating and compiling the information resources, and all other content on Plaintiff's website.

14.

The informational resources are provided by Plaintiff for the purposes of establishing Plaintiff as an authority and leader in Plaintiff's area of business, and to drive sales through Plaintiff's website.

15.

Every page on Plaintiff's website is marked with a copyright notice.

16.

Plaintiff's website has been registered for copyright protection, and the copyright was routinely updated when substantial information was added or changes were made to Plaintiff's website.

17.

The "chart" and general information for each state, specifically, appears on pages of the website on which copyright notice is displayed, and which have been registered for copyright protection.

18.

Plaintiff's website has been designed with special attention to the "look and feel" of the website to establish the trust of Plaintiff's users, to identify to Plaintiff's users that they are on Plaintiff's website.

19.

Plaintiff has used its EXPRESS LIEN service mark in United States commerce since July 7, 2007 to identify the source of its website.

20.

Plaintiff owns a federal registration, number 86743669, for the EXPRESS LIEN service mark, issued June 21, 2016, for "[p]roviding an online non-downloadable Internet-based system application featuring technology enabling users to create and manage mechanic lien and construction notice deadlines, order and manage orders for lien and notice documents, create and manage lien and notice documents, and manage lien laws."

21.

Expressliens USA is the registrant and user of an Internet domain name that contains the distinctive EXPRESS LIEN mark.

22.

Plaintiff discovered Plaintiff's copyrighted material being displayed or otherwise distributed by Expressliens USA by and through Expressliens USA's website, found at URL "expressliens.com".

23.

The domain name, expressliens.com, is confusingly similar to Plaintiff's mark.

24.

The EXPRESS LIEN mark is distinctive and was distinctive well before Expressliens USA registered the domain name, "expressliens.com".

25.

When an Internet user looking for Plaintiff's website mistakenly enters "expressliens.com" as the Internet address, he or she thus has been diverted from Plaintiff's website. If it is a new visitor, Plaintiff has lost the opportunity to transact business with that visitor. If it is a registered user of Plaintiff's website, that user may not return after visiting this apparently changed site.

26.

Plaintiff has not authorized Expressliens USA to use Plaintiff's mark or to register any domain name that includes Plaintiff's mark. Expressliens USA is not otherwise affiliated or associated with Plaintiff.

27.

Expressliens USA uses its expressliens.com domain name to profit from Plaintiff's mark.

28.

Upon information and belief, Expressliens USA is a Florida company providing a web platform for construction document preparation and filing services, in support of which Expressliens USA provides information related to construction liens and notices via expressliens.com.

29.

Expressliens USA's operation involves providing information on construction liens and notices, and providing forms and assistance in filing those forms. These services are substantially similar to the services provided by plaintiff.

30.

Expressliens USA also provides information through a "Resources" section of its website, similar to the information provided by plaintiff through the "Resources" section of Plaintiff's website.

31.

Expressliens USA also provides information through a "Deadline Calculator" section of its website, similar to the information provided by Plaintiff through the "Calculate and Manage Deadlines" feature of Plaintiff's website.

32.

Use of Plaintiff's website, and the information and services provided thereon, is subject to the Terms of Use/Disclaimer and Terms and Conditions ("Terms if Use") set forth on Plaintiff's website.

33.

The Terms of Use specifically set forth, in the section entitled "Intellectual Property Information" that the information contained on Plaintiff's website is protected by copyright, provides limitations on the use of the information contained on Plaintiff's website, and that by using the website, Expressliens USA and other users specifically agree to set stipulated and liquidated damages for prohibited copying and use of Plaintiff's website content.

34.

Expressliens USA visited Plaintiff's website and copied Plaintiff's content in violation of law and the Terms of Use governing the use of Plaintiff's website.

35.

Expressliens USA promotes the "Resources" section of its website as a feature to drive sales.

36.

Expressliens USA promotes the "Deadline Calculator" section of its website as a feature to drive sales.

**COPYRIGHT INFRINGEMENT**

37.

Plaintiff hereby incorporates and realleges the allegations set forth in paragraphs 1 through 36 above as though fully set forth herein.

38.

At all relevant times, Plaintiff has been the owner and copyright holder of all information contained on the pages of Plaintiff's website, located at the URL "zlien.com". See attached as Exhibit "A".

39.

Plaintiff is the registered copyright holder of the following U.S. copyrights:

1. Copyright Number: TX0007413764 – Database of Mechanics Lien and Notice Laws and Requirements, Components of System Framework, and Nationwide Lien and Notice Templates;
2. Copyright Number TXu001761460 – Lien Law Resources and Summaries;
3. Copyright Number: TX0008147997 – State by State Resources/Guides to Mechanics Liens and Bond Claims – Private Projects;
4. Copyright Number: TX0008148181 – State by State Resources/Guides to Mechanics Liens and Bond Claims – Public Projects;
5. Copyright Number: TX0007733609 – www.zlien.com; and
6. Copyright Number: TX0007754460 – Zlien State Lien Statutes Database.

40.

Plaintiff, has applied for a registration certificate for the following copyright Case Number, which remains open:

1-4352824471 – zlien website.

41.

Without authorization, Expressliens USA copied portions of some or all of the registered copyrights set forth in paragraph 39, published the copied content on Expressliens USA's website, and claimed the copied content as Expressliens USA's own original work. See attached as Exhibit "B."

42.

Portions of some or all of the pending copyright set forth in paragraph 40 were copied by Expressliens USA, published on Expressliens USA's website, and claimed as Expressliens USA's own original work. See attached as Exhibit "B."

43.

For all of the works at issue in this matter, Plaintiff either holds a copyright certificate from the United States Copyright Office, or has applied for a registration certificate.

44.

Expressliens USA has distributed, and continues to distribute, Plaintiff's protected content for profit, by and through Expressliens USA's website located at the URL "expressliens.com", in violation of federal law, resulting in harm to Plaintiff including, but not limited to, damages to Plaintiff's profits, sales, and business.

45.

Plaintiff did not authorize Expressliens USA's copying, displaying, distribution, or selling of Plaintiff's work.

46.

Expressliens USA knew the infringed content belonged to Plaintiff, and that Expressliens USA did not have permission to copy the content.

47.

Upon information and belief, a representative of Expressliens USA and/or Santos set up a username on Plaintiff's website named "gfrew trew".

48.

Although the email address for "gfrew trew" was initially listed as "dsfdsf@gmail.com", the user changed his email address to "support@expressliens.com" on September 15, 2015. See attached as Exhibit "C".

49.

The user, "gfrew trew", visited numerous webpages on Plaintiff's website.

50.

Plaintiff operates a chat feature on its website that when used, identifies the webpages viewed by the website visitor, including the date and time in which the webpage was viewed by the user.

51.

Upon information and belief, on May 1, 2015, an Expressliens USA representative and/or Santos, through the user "gfrew trew", contacted Plaintiff through the chat feature on Plaintiff's website. This is evidenced by the fact that webpages viewed by the chat feature user are identical in date and time to the webpages viewed by "gfrew trew". See attached as Exhibits "D" and "E".

52.

On May 1, 2015, "gfrew trew" stated the following in its chat with Plaintiff:

- "yea im opening a lien company like zlien but better what should i do"; and
- "do you know where to get the forms and deadlines and statues, i can't find them".

See attached as Exhibit "D."

53.

Expressliens USA intentionally and willfully misled and continues to intentionally and willfully mislead people, including customers, as to the ownership of the copied content on its website.

54.

Plaintiff is entitled to recover damages, including, but not limited to: Plaintiff's losses as a result of the wrongful conduct, and any and all profits Expressliens USA has made as a result of its wrongful conduct, pursuant to 17 U.S.C. §504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. §504(c).

55.

Additionally, as Expressliens USA's conduct was willful, the award of statutory damages should be enhanced in accordance with and pursuant to 17 U.S.C. §504(c)(2).

56.

Plaintiff is further entitled to recover attorneys' fees and costs of suit pursuant to 17 U.S.C. §505.

57.

Additionally or alternatively, Plaintiff is entitled to recover damages, attorneys' fees, and costs, pursuant to and as set forth by the stipulated and liquidated damages clause in the Intellectual Property Information section of the Terms of Use.

## VICARIOUS COPYRIGHT INFRINGEMENT

58.

Plaintiff hereby incorporates and realleges the allegations set forth in paragraphs 1 through 57 above as though fully set forth herein.

59.

Upon information and belief, Santos is a corporate officer of Expressliens USA.

60.

Upon information and belief, Santos had the right and ability to supervise the infringing activity and also had a direct financial interest in such activities.

61.

Accordingly, Santos, in his individual capacity, is jointly and severably liable for Expressliens USA's copyright infringements outlined above.

**TRADE DRESS INFRINGEMENT**

62.

Plaintiff hereby incorporates and realleges the allegations set forth in paragraphs 1 through 61 above as though fully set forth herein.

63.

Plaintiff's Trade Dress embodies a protectable trade dress that is widely recognized in the construction industry and has built up extensive goodwill and acquired secondary meaning among the relevant trade as a symbol identifying *zlien* as the creator of the Trade Dress.

64.

Plaintiff's website design is widely recognized by consumers and has become a valuable indicator of the source and origin of the information provided, which in turn, drives Plaintiff's sales, and positions Plaintiff as a leader in this field.

65.

Expressliens USA copied Plaintiff's stylistic choices along with the content of Plaintiff's website, including the design, layout, and wording of Plaintiff's website (hereinafter "Infringing Trade Dress").

66.

More specifically, examples of the "look and feel" components of Plaintiff's website which was copied by Expressliens USA are:

- The site's top and primary navigation, including the name and wording of the navigation items;
- Text appearing at the bottom of the page, including customer service telephone number;
- Chat box "pop up" at bottom right of website page;
- Clickable Map of United States in the "Resources" section;
- State lien information segregated between "Prime Contractor", "Sub/Laborer", and "Supplier/Other";
- Tab on the left of the website page to contact website representative;
- The text "GET PAID";
- The layout of these state-segmented resources in a chart format that is separated into six cells, with three cells related to "Lien/Lawsuit Requirements" and three cells displaying "Notice Requirements".

67.

Expressliens USA's use in commerce of Plaintiff's website content, and/or use of website content confusingly similar to Plaintiff's, and/or use of "look and feel" confusingly similar to Plaintiff's website, is likely to cause confusion, cause mistake, or to deceive as to the affiliation,

connection, or association of Expressliens USA to Plaintiff, or as to the origin, sponsorship, or approval of Expressliens USA's services, information, or commercial activities with Plaintiff in violation of 15 U.S.C. §1125(a).

68.

Upon information and belied, Expressliens USA's creation and use of its Infringing Trade Dress has been done willfully in an effort to impermissibly copy Plaintiff's Trade Dress, to trade on the goodwill Plaintiff has created in its Trade Dress, and to mislead customers into believing there is an association between Expressliens USA and Plaintiff.

69.

As a direct result of Expressliens USA's violation of Plaintiff's Trade Dress, Plaintiff has suffered and continues to suffer damages to its profits, sales, and business.

70.

Plaintiff is entitled to recover damages pursuant to 15 U.S.C. §1121, et seq.

## VICARIOUS TRADE DRESS INFRINGEMENT

71.

Plaintiff hereby incorporates and realleges the allegations set forth in paragraphs 1 through 71 above as though fully set forth herein.

72.

Upon information and belief, Santos is a corporate officer of Expressliens USA.

73.

Upon information and belief, Santos was a moving, active, conscious force behind Expressliens USA's infringement.

74.

Upon information and belief, Santos authorized and approved the acts of trade dress infringement and unfair competition which are the basis of Expressliens USA's liability, as outlined above.

75.

Accordingly, Santos is personally liable for Expressliens USA's trade dress infringement and unfair competition.

**CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**

76.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-75 above as though fully set forth herein.

77.

Plaintiff's federally registered EXPRESS LIEN mark is distinctive and was distinctive before Expressliens USA registered "expressliens.com", the Infringing Domain Name.

78.

The Infringing Domain Name is confusingly similar to Plaintiff's mark.

79.

Expressliens USA registered and used the Infringing Domain Name to divert consumers from Plaintiff's website to Expressliens USA's website for Expressliens USA's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

80.

Expressliens USA's registration and use of the Infringing Domain Name is intended primarily to capitalize for the good will associated with Plaintiff's mark.

81.

Expressliens USA registered, trafficked in or used the Infringing Domain Name with a bad faith intent to profit from Plaintiff's mark and its associated good will.

82.

Expressliens USA's diversion of traffic from Plaintiff's website has harmed and continues to harm Plaintiff's ability to generate business and keep members.

83.

Expressliens USA's registration and use of the Infringing Domain Name causes Plaintiff's customers and potential customers to believe that Plaintiff's website is no longer available or that Plaintiff is affiliated with and/or endorses Expressliens USA's website.

84.

Expressliens USA's registration and use of the Infringing Domain Name has caused and will continue to cause damage to Plaintiff, in an amount to be proven at trial, and is causing irreparable harm to Plaintiff, for which there is no adequate remedy at law.

## FEDERAL TRADEMARK INFRINGEMENT

85.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-84 above as though fully set forth herein.

86.

Plaintiff's EXPRESS LIEN mark is a distinctive and arbitrary mark that is associated with Plaintiff and exclusively identifies Plaintiff's services to consumers.

87.

Expressliens USA has used and continues to use Plaintiff's mark in connection with services in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such services. Expressliens USA's actions constitute trademark infringement under 15 U.S.C. §1114.

88.

Expressliens USA's use of Plaintiff's mark is likely to cause initial interest confusion among users and potential users of Plaintiff's services.

89.

Expressliens USA's intentional and willful infringement of Plaintiff's mark has caused, and will continue to cause, damage to Plaintiff in an amount to be proven at trial, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## FALSE DESIGNATION OF ORIGIN

90.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-89 above as though fully set forth herein.

91.

Expressliens USA's use in commerce of the EXPRESS LIEN mark is likely to cause confusion, or to cause mistake, or to deceive the relevant public into believing that the Infringing

Domain Name and the website displayed at the Infringing Domain Name is authorized, sponsored, or approved by Plaintiff.

92.

The above-described acts of Expressliens USA constitute false designations of origins in violation of 15 U.S.C. §1125(a).

## BREACH OF CONTRACT

93.

Plaintiff hereby incorporates and realleges the allegations set forth in paragraphs 1 through 92 above as though fully set forth herein.

94.

Use of Plaintiff's "websites, products, forms, data, information, resources, or other services" are governed by Plaintiff's website's Terms of Use.

95.

Upon information and belief, Expressliens USA, through the course of its use of Plaintiff's website and unauthorized copying thereof, created a free user account with Plaintiff entitled "gfrew trew".

96.

In order to create a free user account through Plaintiff's website, the party creating the account is required to confirm that he or she has agreed to the Terms of Use through a clickwrap agreement.

97.

The clickwrap agreement requires the website user to affirmatively check off a box ("checkbox") entitled "I agree to the terms of use" before being allowed to proceed.

98.

In the checkbox, the words "terms of use" are a hyperlink that directs the prospective user to the Terms of Use.

99.

If the party creating the account attempts to proceed without checking off the box and affirmatively noting the user's awareness of and agreement to the Terms of Use, a pop-up box notifies the party to "Please check the checkbox indicating that you have read and agree to our Terms of Service."

100.

Expressliens USA's affirmative acceptance of the Terms of Use through its creation of its free user account, constitutes a meeting of the minds between the parties that Expressliens USA was bound by the Terms of Use of Plaintiff's website.

101.

To the extent that Expressliens USA did not create an account with Plaintiff as described above, upon information and belief, Expressliens USA had actual knowledge of Plaintiff's Terms of Use.

102.

Upon information and belief, Expressliens USA, itself or through a proxy, actually visited the Terms of Use page of Plaintiff's website.

103.

Plaintiff's Terms of Use page specifically provides that use of Plaintiff's "websites, products, forms, data, information, resources, or other services," is governed by the Terms of Use.

104.

By visiting the Terms of Use page of Plaintiff's website, and continuing to use Plaintiff's "website, products, forms, data, information, resources, or other services", Expressliens USA consented to be governed by the Terms of Use.

105.

To the extent that Expressliens USA neither created a free account, nor actually visited the Terms of Use page, Expressliens USA had sufficient constructive knowledge of the Terms of Use to constitute agreement to the Terms of Use pursuant to a "browsewrap" agreement.

106.

Every page of Plaintiff's website contains a link to the Terms of Use.

107.

Expressliens USA is a corporation and sophisticated party such that it is, or should be, familiar with Terms of Use in general, and the practice of website usage being governed by that website's specific terms of use.

108.

Plaintiff's Terms of Use, contains an "Intellectual Property Information" section.

109.

The Intellectual Property Information section provides that the information contained on Plaintiff's website is protected by copyright, limits the use of the information contained on Plaintiff's website, and sets forth stipulated and liquidated damages for unauthorized copying and use of Plaintiff's content.

110.

Expressliens USA's unauthorized copying and impermissible use of Plaintiff's copyrighted content breached the contract formed pursuant to the Terms of Use.

111.

Plaintiff is entitled to recover damages pursuant to Louisiana Civil Code Article 1995. Additionally or alternatively, Plaintiff is entitled to recover stipulated damages pursuant to Louisiana Civil Code Article 2007.

112.

Plaintiff is further entitled to attorneys' fees pursuant to the Terms of Use.

**UNFAIR TRADE PRACTICES & UNFAIR COMPETITION**

113.

Plaintiff hereby incorporates and realleges the allegations set forth in paragraphs 1 through 112 above as though fully set forth herein.

114.

Pursuant to LUPTA, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. See La. R.S. 51:1405(A). Louisiana courts have found that a "practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious." *See Levine v. First Nat. Bank of Commerce*, 948 So.2d 1051, 1065-1066 (La. 2006). Louisiana courts have further found a trade practice is deceptive "when it amounts to fraud, deceit, or misrepresentation. *See Jefferson v. Chevron U.S.A., Inc.*, 713 So.2d 785, 793 (La. 1998).

115.

Through its website and when conducting business, Expressliens USA has made plain misrepresentations about its organization, services, and product, and/or has suppressed the truth about same to unfairly compete with Plaintiff.

116.

Further, through its website and when conducting business, Expressliens USA has otherwise engaged in unethical, unfair, deceptive, and unscrupulous actions, all to unfairly compete with Plaintiff.

117.

Expressliens USA's LUPTA-violating actions, include, but are not limited to:

A. Misrepresentation or suppression of the truth regarding the authorship of the information published in the "Resources" section of its website to gain an unjust advantage.

B. Misrepresenting on its website, and elsewhere, that the Defendant has "invested years in developing our easy to use system" where upon information and belief, the Defendant has neither invested years; nor actually developed a system – when, in fact, they copied same from Plaintiff, and/or whereupon the representation that it invested years in developing an easy to use system is a misrepresentation of the truth;

C. Misrepresenting on its website, and elsewhere, that the Defendant's system is "routinely updated in accordance with state lien laws to file all documents correctly and on time" where upon information and belief, the Defendant does not have any study, survey, or

information to support that statistic, and/or otherwise that its system files "all documents correctly and on time"; and

D. Misrepresenting on its website, and elsewhere, that the Defendant's software is "trademarked" and "EXCLUSIVE in the industry" where upon information and belief, the Defendant's software is neither trademarked nor performs any exclusive functions – when, in fact, they know that their software is not trademarked and performs no functions that cannot be performed by Plaintiff's functions, and the representation that it is and does is a misrepresentation of the truth.

118.

Expressliens USA's LUPTA-violating actions have caused Plaintiff to suffer ascertainable losses, including loss of current customers and business revenue from prospective customers who chose Expressliens USA over Plaintiff due to Expressliens USA's impermissible actions.

119.

Plaintiff is entitled to recover damages and attorneys' fees pursuant to LUPTA, La. R.S. 51:1401, et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demand judgment and relief against Defendants and respectfully requests this Honorable Court:

1. Find that Expressliens USA, Inc. has engaged in copyright infringement in violation of 17 U.S.C. §501;
2. Find that Nickolas B. Santos is personally liable for Expressliens USA, Inc.'s copyright infringement in violation of 17 U.S.C. §501;

3. Find that Expressliens USA, Inc. has engaged in trade dress infringement and unfair competition in violation of 15 U.S.C. §1125(a);
4. Find that Nickolas B. Santos is personally liable for Expressliens USA, Inc.'s trade dress infringement and unfair competition in violation of 15 U.S.C. §1125(a);
5. Find that Expressliens USA, Inc. has engaged in unfair or deceptive business practices in violation of the Louisisna Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, et seq.;
6. Find that Expressliens USA, Inc. has willfully infringed Plaintiff's copyrights and trade dress, with full knowledge of Plaintiff's rights;
7. Find that Expressliens USA, Inc. has violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d);
8. Find that Expressliens USA, Inc. has infringed Plaintiff's registered service mark in violation of 15 U.S.C. §1114;
9. Find that Expressliens USA, Inc.'s actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. §1125(a);
10. Find that Expressliens USA, Inc. has violated the Terms of Use of Plaintiff's website, and, as such, has agreed to the stipulated and liquidated damages set forth therein;
11. Find that Expressliens USA, Inc. entered into a contract with Plaintiff through the Terms of Use of Plaintiff's website and use of Plaintiff's websites, products, forms, data, information, resources, or other services;
12. Find that Expressliens USA, Inc. breached its contract with Plaintiff through Expressliens USA, Inc.'s impermissible copying and publication of Plaintiff's content;

13. Find that Expressliens USA, Inc. perpetrated a fraud by misrepresenting or suppressing the truth regarding the true authorship of the information published in the resources section of Expressliens USA, Inc.'s website;
14. Find that Expressliens USA, Inc. violated any other provision of Federal or Louisiana law implicated by their acts and this complaint, in the event the violation is not well-pled;
15. Enter judgment for Plaintiff on all Counts of the Complaint;
16. Find that Expressliens USA, Inc. has otherwise injured the business reputation and business of Plaintiff by Expressliens USA, Inc.'s acts and conduct as set forth in this Complaint;
17. That the Court issue injunctive relief against Expressliens USA, Inc. and that Expressliens USA, Inc., its agents, representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Expressliens USA, Inc., be enjoined and restrained from copying, posting, or making any other infringing use or distribution of any of Plaintiff's protected materials;
18. That the Court order Expressliens USA, Inc. and Nickolas B. Santos to pay Plaintiff's damages and Expressliens USA, Inc.'s profits pursuant to 17 U.S.C. §504(b), or, in the alternative, enhances statutory damages pursuant to 17 U.S.C. §504(c)(2), for Expressliens USA, Inc.'s willful infringement of Plaintiff's copyrights;
19. That the Court order Expressliens USA, Inc. and Nickolas B. Santos to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action pursuant to 17 U.S.C. §504;
20. That the Court order Expressliens USA, Inc. to pay the stipulated and liquidated damages as set forth in plaintiff's website's Terms of Use;

21. That the Court order Expressliens USA, Inc. to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action pursuant to the Terms of Use;
22. That the Court grant to Plaintiff damages stemming from the breach of the contract between Expressliens USA, Inc. and Plaintiff;
23. That the Court grant to Plaintiff damages pursuant to Expressliens USA, Inc.'s unfair or deceptive practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, et seq.;
24. That the Court grant to Plaintiff damages stemming from the fraudulent misrepresentation and/or suppression of the true authorship of the information contained in the "Resources" section of Expressliens USA, Inc.'s website;
25. That the Court order the transfer to Plaintiff of the Infringing Domain Name registered to and/or used by Expressliens USA, Inc. that is confusingly similar to Plaintiff's EXPRESS LIEN mark;
26. That the Court order Expressliens USA, Inc. to file with the Court and serve on Plaintiff within thirty days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. §1116;
27. That the Court award Plaintiff actual damages, trebled under 15 U.S.C. §1117, in an amount to be proved at trial or in the alternative statutory damages of $100,000 per domain name, as elected by Plaintiff;
28. That the Court find this case to be exceptional and award Plaintiff its attorneys' fees pursuant to 15 U.S.C. §1117;

29. That the Court grant Plaintiff any other damages known at the time of this filing but not well-pled; and

30. That the Court grant Plaintiff such other and additional relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demand trial by jury on all issues so triable.

Dated this 4th day of April, 2017.

Respectfully Submitted,

***/s/Donald A. Mau***
SMILEY LAW FIRM, LLC
Seth J. Smiley (32693)
Bradley Aldrich (32316)
J. Matt Thomas (34123)
Donald A. Mau (33965)
365 Canal Street, Suite 1680
New Orleans, LA 70130
Phone: 504-894-9653
Fax: 866-761-8934
Email: mau@smileyfirm.com
*Attorneys for Express Lien, Inc.*

*and*

**/s/ Nathan Budde**
NATHAN L. BUDDE (32103)
1121 Josephine St.
New Orleans, LA 70130
Phone: 866.720.5436
Email: nate@zlien.com
*Attorneys for Express Lien, Inc. dba zlien*
*In-House Counsel*