**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EXPRESS LIEN, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-2871** |
| **EXPRESSLIENS USA, INC. ET AL.** | **SECTION: H** |

## ORDER AND REASONS

Before the Court is Defendant Expressliens USA, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 8). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff, Express Liens Inc., dba as "Zlein," is a construction title company organized under the laws of the State of Delaware with its principal place of business in New Orleans, Louisiana. Plaintiff operates an accounts receivable and construction payment software platform. Defendant, Expressliens USA, Inc., is also a construction title company whose principal place of business and place of incorporation are in Florida.[1] Plaintiff alleges that, among other things, Defendants have copied portions of its website and distributed it on their confusingly similar website. Plaintiff alleges that

---

[1] Plaintiff has also named Nickolas Santos and Expressliens USA's insurer as defendants, but neither has yet been joined in this matter.

Defendants have violated federal laws prohibiting copyright infringement, trade dress infringement, unfair competition, cybersquatting, and federal trademark infringement, as well as state laws prohibiting unfair trade practices and breach of contract. Plaintiff seeks damages, injunctive relief, and attorney's fees.

Defendant Expressliens USA, Inc. has filed the instant Motion to Dismiss, arguing that this Court lacks personal jurisdiction and that venue is improper. Plaintiff has opposed this Motion, arguing that jurisdiction and venue are proper pursuant to a forum selection clause.

## LEGAL STANDARD

When a non-resident defendant challenges the court's personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists.[2] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.[3] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[ ] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[4] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[5] The Court may consider

---

[2] Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).

[3] Guidry v. U.S. Tobacco, Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).

[4] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).

[5] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).

matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[6]

## LAW AND ANALYSIS

Plaintiff alleges that jurisdiction and venue are proper in this Court pursuant to a forum selection clause that Defendant allegedly signed when it created an account on Plaintiff's website. The allegations of Plaintiff's Complaint, which must be accepted as true, state that Defendant created a free user account on its website and thereby agreed to the "terms of use" of its website. Plaintiff alleges that by agreeing to its "terms of use," Defendant agreed to a forum selection clause, which states that any dispute arising out of a violation of intellectual property may be filed in the federal district court in the Eastern District of Louisiana. Such a clause is a permissive forum selection clause. "A permissive [forum selection clause acts as] a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum."[7] Accordingly, by agreeing to Plaintiff's terms of use, Defendant consented to jurisdiction and venue in this district for disputes arising out of a violation of intellectual property law. This matter, involving copyright and trademark infringement, falls squarely within the scope of the forum selection clause.

The Court notes that in making this argument, Plaintiff has failed to provide the Court with a copy of its terms of use and the forum selection clause therein. Defendant, however, has not disputed the content of the forum selection clause as quoted by Plaintiff in its opposition to this Motion. In addition, "forum-selection clauses are presumed enforceable, and the party

---

[6] *Id.* (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).

[7] Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016).

resisting enforcement bears a heavy burden of proof."[8]  Accordingly, this Court finds that Plaintiff has carried its burden to establish jurisdiction and venue in this Court.

## CONCLUSION

For the forgoing reasons, Defendant's Motion is DENIED.


New Orleans, Louisiana this 21st day of November, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[8] Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte, 536 F.3d 439, 441 (5th Cir. 2008).